UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 23-8709-DMG (AGRx)** | Date | November 2, 2023 |
| Title | *Marina Akrabian v. Veripro Solutions, et al.* | Page | 1 of 2 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION OR REFERRED TO THE BANKRUPTCY COURT**

On October 16, 2023, *pro se* Plaintiff Marina Akrabian filed a Complaint in this Court against Defendants Veripro Solutions, West Coast Servicing Inc., West Coast 2015-4LLC, and ZBS Law, LLP.[1] [Doc. # 1]. In her Complaint, Akrabian asserts federal question jurisdiction.[2] *Id.* ¶ 6.

Federal question jurisdiction exists over all civil actions "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, the Complaint refers to bankruptcy proceedings and civil rights violations, but does not specify any claim arising under federal law. *See, e.g.*, Compl. ¶¶ 6, 84, 143, 185. For a claim to "arise under" federal law within the meaning of section 1332, federal law must either create the cause of action or the right to relief depends on resolution of a substantial question of federal law. *See Mims v. Arrow Fin'l Services, LLC*, 565 U.S. 368, 377 (2012); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

---

[1] Parties in court without a lawyer are called "*pro se* litigants." These parties often face special challenges in federal court. Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

[2] She also asserts jurisdiction "under the equitable powers of Rule 60(b) of the Federal Rules of Civil Procedure." Compl. ¶ 6. This is not a proper basis for federal jurisdiction, since it does not have a basis in Article III of the U.S. Constitution and the Federal Rules of Civil Procedure are not statutes enacted by Congress. *See Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 944 (C.D. Cal. 2005) ("It is rudimentary law that . . . two things are necessary to create jurisdiction. . . . The Constitution must have given the court the capacity to take it, *and an act of Congress must have supplied it*.") (internal citation, quotation marks, and brackets omitted) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-8709-DMG (AGRx) | Date | November 2, 2023 |
|---|---|---|---|
| Title | *Marina Akrabian v. Veripro Solutions, et al.* | Page | 2 of 2 |

Furthermore, 28 U.S.C. section 157 provides that district courts may refer all cases in bankruptcy and any related proceedings to the Bankruptcy Court, and the Central District of California has elected to do so. *See* C.D. Cal., General Order No. 13-05, https://www.cacb.uscourts.gov/sites/cacb/files/documents/general-orders/GO%2013-05.pdf; C.D. Cal. Local Bankr. Rule 5011-1. The Complaint seeks to nullify certain unspecified Bankruptcy Court proceedings held in 2018–2019. Compl. ¶ 2; *see also* Fed. R. Bankr. P. 9024 (Relief from Judgment or Order).

"Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018); *see also* Fed. R. Civ. P. 8(a) (pleadings must contain a "short and plain statement of the grounds for the court's jurisdiction"). Since the Complaint does not adequately specify the basis for the Court's jurisdiction, Akrabian is therefore **ORDERED** to show cause why this action should not be dismissed for lack of subject matter jurisdiction or referred to the Bankruptcy Court. By **November 17, 2023**, Akrabian shall file a response in which she properly identifies the basis of subject matter jurisdiction, if any, and explains why this case should not be transferred pursuant to 28 U.S.C. section 157. Failure to timely respond, or failure to adequately support the basis for this Court's jurisdiction, will result in the dismissal of this action.

**IT IS SO ORDERED.**